IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUE VALERI, | : | |
|         Plaintiff, | : | CIVIL ACTION |
|     v. | : | |
| | : | |
| MYSTIC INDUSTRIES CORP., | : | |
|         Defendant. | : | NO. 12-2526 |

**M E M O R A N D U M**

PRATTER, J.                                                                                                                  JANUARY 17, 2013

Plaintiff Sue Valeri has filed a complaint against Defendant Mystic Industries Corporation based on its alleged infringement of patents and breach of contract.  In response, Mystic has filed a motion to dismiss or stay this matter and compel arbitration.  For the following reasons, the Court grants Mystic's motion.

**I.      Background**

In her initial complaint, Ms. Valeri alleged that she holds patents on several inventions, including a "Reindeer Kit" that buyers can use to decorate their cars.  She further alleged that she licensed certain patents to Mystic, which proceeded to breach the parties' license agreement by failing to pay her royalties, failing to apprise her of its customers, failing to use commercially reasonable marketing efforts, and failing to mark licensed products with a certain trademark.  Ms. Valeri subsequently amended her complaint, and her amended complaint includes counts for patent infringement, breach of contract, a declaratory judgment, and an accounting.

Two weeks after Ms. Valeri filed her amended complaint, Mystic filed a motion to dismiss or stay Ms. Valeri's action and to compel arbitration pursuant to the Federal Arbitration Act ("FAA").  In its motion, Mystic argues that the parties' license agreement has yet to expire.[1]

---

[1] Ms. Valeri has attached a signed copy of the license agreement as an exhibit to her amended complaint.

1

Moreover, Mystic notes that the license agreement contains an arbitration clause that obligates the parties to "submit all disputes relating to this agreement . . . to binding arbitration." Based on this arbitration provision, Mystic contends that the Court should stay the instant matter and compel arbitration.[2]

## II.     Legal Standard for Motion to Stay

Mystic moves to compel arbitration pursuant to the FAA, a statute that "'creates a body of federal substantive law establishing and governing the duty to honor agreements to arbitrate disputes.'" *Bird v. Am. Bread Co.*, No. 12-727, 2012 U.S. Dist. LEXIS 121201, at *4 (E.D. Pa. Aug. 24, 2012) (quoting *Century Indem. Co. v. Certain Underwriters at Lloyd's, London*, 584 F.3d 513, 522 (3d Cir. 2009)).[3] Under the FAA, a contractual provision requiring arbitration "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

The FAA allows a district court to "compel arbitration if a party to an arbitration agreement institutes an action that involves an arbitrable issue and one party to the agreement has failed to enter arbitration." *Harris v. Green Tree Fin. Corp.*, 183 F.3d 173, 178-79 (3d Cir. 1999). When a party moves to compel arbitration, a district court has a "limited but important threshold role to play," in that it typically must determine "whether the parties have submitted a particular dispute to arbitration." *Puleo v. Chase Bank USA, N.A.*, 605 F.3d 172, 178 (3d Cir. 2010) (en banc) (citations and quotations omitted). In making this determination, a court should

---

[2] On December 5, 2012, Ms. Valeri filed a motion for a preliminary injunction, which seeks to require Mystic to pay all the royalties that it allegedly owes her, to provide royalty reports to her, and to make certain records available for an accounting. The Court addresses the status of this motion in the Order accompanying this Memorandum.

[3] The FAA applies if a contract containing an arbitration agreement evidences a transaction involving interstate commerce. *See State Farm Mut. Auto. Ins. Co. v. Coviello*, 233 F.3d 710, 713 n.1 (3d Cir. 2000). Here, this requirement is satisfied, as the parties are diverse and their license agreement authorizes Mystic to sell licensed product anywhere in the world.

consider whether the parties agreed to arbitrate their disputes and whether the particular dispute in question falls within the ambit of their arbitration agreement. *See id.*

The Third Circuit Court of Appeals has stated that its decisions "support the traditional practice of treating a motion to compel arbitration as a motion to dismiss for failure to state a claim upon which relief can be granted." *Palcko v. Airborne Express, Inc.*, 372 F.3d 588, 597 (3d Cir. 2004). Therefore, "[w]hen it appears from the face of a complaint, and documents relied upon in the complaint, that certain of its claims are subject to an enforceable arbitration clause, a motion to compel arbitration should be considered under a Rule 12(b)(6) standard without discovery's delay." *Somerset Consulting, LLC v. United Capital Lenders, LLC*, 832 F. Supp. 2d 474, 482 (E.D. Pa. 2011).[4] In ruling on a Rule 12(b)(6) motion, a court may consider "the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir. 2004).

### III. Mystic's Motion to Stay

In moving to stay this litigation[5] and compel arbitration, Mystic offers a straightforward argument: Ms. Valeri agreed to arbitrate her disputes with Mystic, and the claims within her complaint fall within the scope of the parties' broadly worded arbitration agreement. Ms. Valeri

---

[4] The Court recognizes that *Somerset* also held that a party opposing a motion to compel arbitration will sometimes "be entitled to discovery on the question of arbitrability," and that, following such discovery, courts should apply Rule 56 of the Federal Rules of Civil Procedure to adjudicate a motion to compel arbitration. *See Somerset*, 832 F. Supp. 2d at 482. However, neither discovery nor an application of Rule 56 is merited here, because Ms. Valeri attacks the validity of the license agreement rather than its arbitration clause, and thus does not present the Court with a question of arbitrability. *See infra* Section III; *see also Puleo*, 605 F.3d at 180 n.4 ("An attack on the validity of the contract as a whole, as opposed to the arbitration clause in particular, does not present a question of arbitrability.").

[5] Although Mystic has moved to dismiss or stay this litigation, the Court will follow the latter approach given that the Third Circuit Court of Appeals has held that district courts should stay a case instead of dismissing it when granting a motion to compel arbitration. *See Quilloin v. Tenet Healthsystem Phila., Inc.*, 673 F.3d 221, 227 n.2 (3d Cir. 2012).

does not contest either of these points in opposing the motion to stay.  Instead, Ms. Valeri argues that (1) the parties' arbitration clause no longer applies because she terminated the license agreement; and (2) Mystic waived its right to arbitration.  The Court finds that both of these arguments fail and will thus compel arbitration.

In *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440 (2006), the Supreme Court addressed whether a court should compel arbitration if a plaintiff alleged that the contract containing the parties' arbitration clause was unlawful.  *Id.* at 442-43.  The court noted that, "as a matter of substantive federal arbitration law, an arbitration provision is severable from the remainder of [a] contract."  *Id.* at 445.  Moreover, unless a litigant's "challenge is to the arbitration clause itself, the issue of the contract's validity is considered by the arbitrator in the first instance."  *Id.* at 445-46.  Therefore, the Court held that "a challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator," and that the trial court in the case should have granted the motion to compel arbitration.  *Id.* at 449; *see also Puleo*, 605 F.3d at 180 n.4 ("An attack on the validity of the contract as a whole, as opposed to the arbitration clause in particular, does not present a question of arbitrability.").

In *New Jersey Building Laborers Statewide Benefits Fund v. American Coring & Supply*, 341 F. App'x 816 (3d Cir. 2009), a construction company argued that a court, rather than an arbitrator, should have decided whether it was obligated to arbitrate under a collective bargaining agreement (CBA).  *Id.* at 819.  The company contended that it repeatedly terminated the CBA by sending letters to the Laborers Union, the other party to the CBA.  *See id.* at 818.  The Third Circuit Court of Appeals discussed *Buckeye* and then held that "[u]nlike a challenge to an arbitration provision, a dispute invoking the termination clause of an agreement is an attack on the agreement itself."  *Id.* at 820.  The court thus held that whether the company terminated the

4

agreement and "caused the CBA to expire is a question that arises out of the contract generally . . . not out of the arbitration clause, and it is therefore a question that had to be presented to the arbitrator in the first instance." *Id.* at 821.

Here, as in *American Coring*, Ms. Valeri attempts to avoid arbitration by arguing that she terminated the contract that contained the parties' arbitration clause. Such an attempt represents "a challenge to the validity of the [license agreement] as a whole, and not specifically to the [license agreement's] arbitration clause." *Buckeye*, 546 U.S. at 449. Therefore, an arbitrator must decide whether Ms. Valeri terminated the license agreement.[6]

Ms. Valeri also argues that Mystic waived its right to arbitration because section 8.2 of the license agreement required Mystic to notify her of its intent to arbitrate within seven days of receiving her notice of termination of the license agreement, and that Mystic failed to do so. However, the Third Circuit Court of Appeals has held that the arbitrator should presumptively decide issues of "waiver, delay, or like defenses arising from non-compliance with contractual conditions precedent to arbitration." *Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 219 (3d Cir. 2007); *see also Gillespie v. Colonial Life & Accident Ins. Co.*, No. 08-689, 2009 U.S. Dist. LEXIS 26310, at *33-34 (W.D. Pa. Mar. 30, 2009) ("The Court finds the parties' waiver arguments to be meritless . . . because 'waiver, delay, or [] like defenses arising from non-compliance with contractual conditions precedent to arbitration' are issues for the arbitrator, not the Court.") (quoting *Ehleiter*, 482 F.3d at 219). Therefore, the arbitrator must decide whether

---

[6] Two cases that Ms. Valeri cites, *Bogen Communications, Inc. v. Tri-Signal Integration, Inc.*, 227 F. App'x 159 (3d Cir. 2007), and *Vantage Technologies Knowledge Assessment, LLC v. College Entrance Examination Board*, 591 F. Supp. 2d 768 (E.D. Pa. 2008), do not require a different result. As Mystic notes, these cases did not involve a dispute about whether one party terminated a contract containing an arbitration clause, because the terms of the relevant contracts expired long before a motion to compel arbitration was filed. *See Bogen*, 227 F. App'x at 161; *Vantage*, 591 F. Supp. 2d at 770. By contrast, in this case the parties dispute whether Ms. Valeri successfully invoked the termination clause of the license agreement, an agreement that would continue to be in effect absent an effective termination.

Mystic waived its right to arbitrate this matter, and the Court will stay this litigation and compel arbitration.

**IV.     Conclusion**

For the foregoing reasons, the Court grants Mystic's Motion to Dismiss or Stay, stays this matter, and orders the parties to submit to arbitration.

An Order consistent with this Memorandum follows.

BY THE COURT:

<u>S/Gene E.K. Pratter</u>
GENE E.K. PRATTER
United States District Judge